# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**KRISA KOTORI,**

    *Plaintiff,*

**v.**

**ILERA HEALTHCARE LLC,**

    *Defendant.*

**Case No. 2:20-cv-02028-JDW**

## <u>ORDER</u>

**AND NOW**, this 14th day of September, 2020, upon consideration of Defendant's Motion To Dismiss The Amended Complaint (ECF No. 8), the Court notes as follows:

1.    To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A conclusory recitation of the elements of a cause of action is not sufficient.  Instead, the plaintiff must allege facts necessary to make out each element of the claim.  In other words, the complaint must contain facts that, if proven later, support a conclusion that a cause of action can be established.  *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

2.    In Pennsylvania, an employer may terminate an at-will employee at any time, for any reason or for no reason, and the employee will generally have no right of action against the employer for wrongful termination. *McLaughlin v. Gastrointestinal Specialists*, 561 Pa. 307, 313, 750 A.2d 283, 287 (2000). There is a narrow public policy exception to this general rule.

*McLaughlin*, 561 Pa. at 313, 750 A.2d at 287; *see also Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 111 (3d Cir.2003), *as amended* (Jan. 20, 2004); *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974);

3.     Courts have grouped public policy exceptions into three categories: "An employer (1) cannot require an employee to commit a crime and fire the employee for refusing to do so, (2) cannot prevent an employee from complying with a statutorily imposed duty, and (3) cannot discharge an employee when specifically prohibited from doing so by statute." *Fraser*, 352 F.3d at 111 (*quoting Hennessy v. Santiago*, 708 A.2d 1269, 1273 (Pa.Super.1998)).

4.     Krisa Kotori's allegations implicate the first two categories, as she claims Ilera Healthcare LLC fired her for refusing to commit a crime and for complying with duties that the Pennsylvania's Medical Marijuana Act (MMA) imposes;

5.     To survive a motion to dismiss and successfully plead wrongful termination for refusal to commit a crime or refusal to violate a statutory duty, a plaintiff must identify the specific statutes or regulations she was asked to violate. *See Stoneback v. ArtsQuest,* No. 12–cv–3286, 2012 WL 4963624, at *3, *11 (E.D. Pa. Oct.17, 2012);

6.     Ms. Kotori alleges that Ilera would have required her to violate her reporting duties under the MMA, which is part of Title 28 of the Pennsylvania Code. But Ms. Kotori has not identified what requirement is at issue under the MMA. Title 28 of the Pennsylvania Code has nine chapters, of which the MMA is one. The MMA, in turn, contains four Chapters, and the Court is unable to discern what specific requirement she claims she would have violated;

7.     As such, Ms. Kotori's pleadings are insufficient to make out a wrongful termination claim.  *See, e.g.*, *Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 172 n. 10 (3d Cir. 2002);

2

8.      Ms. Kotori also brings a claim for relief under Pennsylvania's Whistleblower Law, 43 Pa. Stat. Ann. § 1421 et seq.;

9.      Recovery under the PWL requires evidence that a plaintiff: (1) reported an instance of wrongdoing or waste to an appropriate authority; and (2) there is a causal connection between the report and the alleged retaliation. *Id.* § 1424(b). "Wrongdoing" is defined as "[a] violation which is not of a merely technical or minimal nature of a Federal or State statute or regulation, of a political subdivision ordinance or regulation or of a code of conduct or ethics designed to protect the interest of the public or the employer." Id. § 1422; *see also Golaschevsky v. Dep't of Envtl. Prot.*, 720 A.2d 757, 759 (Pa. 1998).  If such a showing is made, the burden shifts to the defendant to show that the action it took occurred for legitimate reasons. *Johnson v. Res. for Human Dev., Inc.*, 789 F. Supp.2d 595, 601 (E.D. Pa. 2011). The burden then shifts back to the plaintiff to show the proffered reason is, in fact, pretextual;

10.     Here, Ms. Kotori has alleged an instance of wrongdoing to an appropriate authority, and she has also alleged a strong temporal connection between her report and her termination. Ilera maintains that Ms. Kotori's viewing of pornography at work was the legitimate reason for her termination. Ms. Kotori claims that this reason is pretextual. She has therefore adequately pled the elements of a PWL claim;

11.     Ilera argues that Ms. Kotori's PWL claim fails because Ilera does not come within the ambit of "employer" under the statute's definition of the term. Specifically, Ilera asserts that the PWL is inapplicable because Ilera is a private entity that does not receive public funding;

12.     But Ms. Kotori has alleged, upon her information and belief, that Ilera "receives government funding from the Commonwealth of Pennsylvania." (ECF No. 6, ¶ 9.) The Court cannot decide whether Ms. Kotori's allegation is true at this juncture. The Amended Complaint

places Ilera within the ambit of the PWL for now, and so the Court declines to dismiss Ms. Kotori's PWL claim.

Therefore, it is **ORDERED** that Defendant's Motion To Dismiss The Amended Complaint (ECF No. 8) is **GRANTED IN PART** and **DENIED IN PART.** Count I of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Ms. Kotori may file a Second Amended Complaint to add the needed detail to Count I on or before September 28, 2020. The Motion is otherwise **DENIED**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**
